Mark W. Lischwe (I.D. #010352)
MARK W. LISCHWE, P.C.
141 East Palm Lane, Suite 201
Phoenix, Arizona 85004
Telephone: (602) 252-7552
Fax: (602) 252-7338
email: m.lischwe@att.net
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 13 |
| | ) | |
| MICHAEL D. MULLANEY, | ) | Case No. 2:08-bk-01911-RJH |
| REGINA M. MULLANEY, | ) | |
| | ) | |
| Debtors. | ) | RESPONSE TO MOTION FOR RELIEF |
| _____ | ) | FROM THE AUTOMATIC STAY |
| | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS AS | ) | |
| NOMINEE FOR BAC HOME LOANS | ) | |
| SERVICING, LP, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL D. MULLANY, | ) | |
| REGINA M. MULLANEY, | ) | |
| Russell A. Brown, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

       Debtors, Michael and Regina Mullaney, by undersigned counsel, hereby respond to

the Motion for Relief from the Automatic Stay filed by BAC Home Loans Servicing, L.P. ("Movant")

and state as follows:

       1.     Debtors are without sufficient information to form a belief that Movant has

a security interest in the real property of the Debtors and therefore deny same.

       2.     Upon the filing of the Debtors' Chapter 13 Proceeding, the Debtors were

current on their mortgage payments.

       3.     Debtors prepared a Chapter 13 Plan that provides for adequate protection of

the mortgage company's interest in that the Debtors are to make post-petition mortgage payments

outside of the Plan. The mortgage company is adequately protected by the Debtors' post-petition mortgage payments and/or attempts to modify the loan in an effort to retain the residence.

4. Debtors state they are in the process of attempting a loan modification of their mortgage.

5. The Debtors believe that continued possession of the property is necessary for an effective reorganization. As per the holding of United States Assoc. v. Timbers of Inwood Forest, 484 U.S. 365, 98 L.Ed.2d 740, 108 S. Ct. 626 (1988), the continued possession of the property by the Debtors is "essential" for an effective reorganization, and there is a "reasonable possibility of a successful reorganization within a reasonable time."

6. The party moving for lift of stay must, in the first instance, establish a sufficient basis for relief; only then does the burden of proof lie with the Debtor to demonstrate that he/she is entitled to the stay. In re Curtis, 40 Bankr. 795 Utah (D.C.D. 1984); 11 U.S.C. Sec. 362(d)(1); In re UNR Industries, Inc., 54 Bankr. 263 (B.C.N.D. Ill. 1985). In re Planned Systems, Inc., 78 BR 852 (B.C.S.D. Ohio 1987); In re Kim, 71 B.R. 1011 (B.C.C.D. Cal 1987). As stated in In re Kim, "... a creditor seeking relief from the automatic stay has the burden proving evidence to make a prima facie case that the creditor is entitled to relief from the stay. In re Kim, supra at p. 853.

7. An equity cushion alone is itself generally sufficient to constitute adequate protection. In re San Clemente Estates, 5 B.R. 605 (B.C.S.D. Cal. 1980); In re Johnston, 38 B.R. 34 (B.C.D.C. Vt. 1983); In re Grant, 29 B.R. 375 (B.C. M.D. Pa. 1983). Matter of Rice, 82 B.R. 623 (S.D. Ga. 1987). This is true even if penalties and interest are accruing because creditor remains fully secured. In re Johnston, supra.

An equity analysis, however, is not the sole aspect of determining whether to modify the stay and even if the Debtors have no equity in the property, this is not sufficient standing alone to grant relief from the stay. In re Mellow, 734 F. 2d 1396 (9th Cir. 1984). Disparity between the amount of debt and the collateral is not evidence of lack of adequate protection, and is not grounds for vacating the stay. In re Ausherman, 34 B.R. 393 (N.D. Ill. 1983).

If the existence of equity by the Debtor in the property were the sole criterion in determining whether there is adequate protection of a secured creditors' interest, then the stay would

**2**

1     have to be lifted against tangible property in nearly every consumer bankruptcy.  This result would

2     be contrary to the spirit and purpose of the Bankruptcy Code.

3             8.      Debtors deny any allegations not specifically responded to herein.

4             **WHEREFORE,**  premises considered, Respondents Mullaney pray that Movant's

5     Motion for Relief From Stay be denied and for such other and further relief as ths Court deems just

6     and equitable in the premises.

7             DATED this 8th day of December, 2009.

8                   MARK W. LISCHWE,  P.C.

9

10                   By/s/ MWL - #010352_____

                    Mark W. Lischwe

11                   141 East Palm Lane, Suite 201

                  Phoenix, Arizona 85004

12                   Attorney for Debtors

13 COPY of the foregoing mailed/
hand delivered the 9th day

14 of December, 2009,to:

15 Mark S.  Bosco, Esq.
TIFFANY & BOSCO, P.A.

16 2525 East Camelback Road, Third Floor
Phoenix, Arizona 85016

17 Attorneys for Movant

18 Mr.  Russell A. Brown
3838 North Central Avenue, #800

19 Phoenix, Arizona 85012
Trustee

20

21 /s/ Kelly J. Andersen_____

22

23

24

25

26

27

28

**3**